IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 08-00321-03-CR-W-ODS |
| ) | |
| DEONDRE CORDELL HIGGINS, ) | |
| ) | |
| Defendant. ) | |

## ORDER DENYING MOTION FOR ACQUITTAL, OR IN THE ALTERNATIVE, A NEW TRIAL (DOC. 238)

Following a bench trial, Defendant was convicted of conspiracy to distribute 50 grams or more of crack cocaine (Count 1) and distributing crack cocaine (Count 5). Defendant moves for an acquittal of his convictions, or, alternatively, a new trial.

The Court "must enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction." Fed. R. Crim. P. 29(a). A defendant is entitled to a new trial "if the interest of justice so requires." Fed. R. Crim. P. 33(a).

Defendant argues the evidence was insufficient to sustain a conviction for conspiracy to distribute 50 grams or more of crack cocaine because the government's witnesses – Darl Douglas Denson, Stacie Marie Emmerich, and Michelle Carlisle – were not credible. The Court already rejected this argument in its Order Finding Defendant Guilty (Doc. 200, fn.3), and Defendant provides no reason to reconsider this decision.

Defendant also argues the Court should have suppressed the testimony of Stacie Emmerich and Michelle Carlisle as fruit of the poisonous tree. The Court already rejected this argument when it adopted Judge Larsen's report and recommendation and granted in part and denied in part Defendant's motion to suppress. (Docs. 179, 187). Defendant offers no reason to reconsider this ruling.

Lastly, Defendant contends he received ineffective assistance of counsel because he did not know Denson would testify against him until the day of trial.

Defendant contends he "had no opportunity to review proffer interviews of Denson and was unable to adequately assist in his own defense as a result."

This ground is denied. Claims of ineffective assistance of counsel are more appropriately addressed in a proceedings under 28 U.S.C. § 2255. In addition, Defendant fails to show a reasonable probability the result of the proceeding would have been different if he had been notified Denson would testify. See *Strickland v. Washington*, 466 U.S. 668, 694 (1984). Defendant is not entitled to an acquittal or a new trial.

IT IS SO ORDERED.

/s/ Ortrie D. Smith
ORTRIE D. SMITH, SENIOR JUDGE
UNITED STATES DISTRICT COURT

DATE: May 12, 2011